**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Robert D. Johnson,             ) | |
|                 ) | |
|         Plaintiff,    ) | |

Robert D. Johnson,                )
                                  )
                     Plaintiff,   )
                                  )     Civil Action No. 2:12-cv-01475-JMC
            v.                    )
                                  )     **OPINION AND ORDER**
Carolyn W. Colvin,                )
Acting Commissioner of the        )
Social Security Administration,   )
                                  )
                     Defendant.   )
_____ )

      This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 18], filed July 29, 2013, regarding Plaintiff Robert D. Johnson's ("Plaintiff") claim for Disability Insurance Benefits ("DIB"). Plaintiff filed the instant action seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration ("the Acting Commissioner") pursuant to 42 U.S.C. § 405(g). The Magistrate Judge concluded that the Administrative Law Judge ("ALJ") applied the proper legal standards at steps three, four, and five of the sequential evaluation process. *Id.* at 14. Accordingly, the Magistrate Judge recommends that the court affirm the Acting Commissioner's final decision. *Id.*

      For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and **AFFIRMS** the Acting Commissioner's final decision.

### FACTUAL AND PROCEDURAL BACKGROUND

      The court concludes, upon its own careful review of the record, that the factual summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. However, a brief recitation of the relevant factual and procedural background in this case is warranted.

Plaintiff filed an application for DIB on March 18, 2010 regarding a disability which he alleged began on August 1, 2009. (Tr. 10). Plaintiff's application was denied initially and again upon reconsideration by the Acting Commissioner. *Id.* On February 13, 2012, Plaintiff had a hearing before an ALJ. *Id.* On March 2, 2012, the ALJ found that Plaintiff was not disabled. (Tr. 10-18). The ALJ found that Plaintiff had the following severe impairments: sarcoidosis, degenerative disc disease, angina, diabetes mellitus, obesity and mood disorder. (Tr. 12). The ALJ concluded that Plaintiff had a residual functional capacity ("RFC") to perform light work with the following specifications:

> [O]ccasional climbing of ramps or stairs; occasional stooping or crouching; no climbing of ladders, ropes or scaffolds; no kneeling or crawling; no frequent fingering; occasional reaching overhead with the right dominant arm; indoor work in a temperature controlled environment; and avoidance of working around harsh environmental irritants. The claimant's difficulties with attention and concentrations limit him to a range of simple, unskilled work activity.

(Tr. 13).

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) of the Social Security Act to obtain judicial review of the final decision of the Acting Commissioner, denying her claim for DIB. [Dkt. No. 18 at 1]. The Magistrate Judge reviewed Plaintiff's case and provided the Report to the court. [Dkt. No. 18]. In the Report, the Magistrate Judge found that the ALJ performed a proper analysis at steps three, four, and five of the sequential evaluation process for determining whether an individual is disabled. *Id.* at 5-13. Plaintiff filed objections to the findings of the Report. [Dkt. No. 20].

## STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate

Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

**DISCUSSION**

**Step Three Equivalence Analysis**

Plaintiff contends the ALJ did not properly compare evidence of his impairments to the regulatory listing in determining whether any one impairment or combination of impairments was of equal medical significance to a listed impairment. [Dkt. No. 18 at 5-8]; *See* C.F.R. § 416.920(4)(iii). The Acting Commissioner responds that any deficiency in the ALJ's analysis was, at most, harmless error. [Dkt. No. 22 at 1-3]. Neither the Plaintiff nor the Acting Commissioner has cited evidence in the record that supports a conclusion regarding the combined effect of Plaintiff's impairments, one way or the other. [*See* Dkt. No. 20 at 2-3; Dkt. No. 22 at 1-3]. The Magistrate Judge found that the burden on the harmless error issue falls on Plaintiff, who having not demonstrated prejudice, is not entitled to a remand. [Dkt. No. 18 at 6-8]. The court agrees.

At step three, the ALJ addressed whether Plaintiff's mental impairment equaled the medical criteria of listing 12.04. (Tr. 12). The ALJ went through a thorough analysis and ultimately concluded that Plaintiff's psychological problems did not amount to the equivalent of a listed impairment. (Tr. 13). Despite the ALJ's finding of several physical impairments (namely, sarcoidosis, degenerative disc disease, angina, diabetes mellitus, and obesity), he failed to discuss whether any of these impairments, either alone or in combination with each other or Plaintiff's mental impairments, constituted the medical equivalent of one of the listings. (*See* Tr. 12-13).

The Fourth Circuit has found that ALJs have a duty to address the relevant listed impairments and the reasons supporting a conclusion that a plaintiff's medical impairment or combination of impairments fails to meet or equal one of the listings. *Cook v. Heckler,* 783 F.2d

1168, 1174 (4th Cir. 1986) (holding "the Secretary must evaluate the combined severity of multiple impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity" and "the Secretary must make a specific and well-articulated finding as to the effect of the combination of impairments") (internal citations omitted); *Walker v. Bowen,* 889 F.2d 47, 50 (4th Cir. 1989) (explaining "in evaluating the effective of various impairments upon a disability benefit claimant, the Secretary must consider the combined effect of a claimant's impairments" and "must adequately explain his or her evaluation of the combined effects of the impairments").

Nevertheless, for remand to be proper pursuant to this standard, the party who would benefit from the remand ordinarily holds the burden of proving the ALJ's error was not harmless. *Shinseki v. Sanders,* 556 U.S. 396, 409 (2009) ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination"). Without such a requirement, the review of the ALJ's conclusions would be too mechanistic, allowing for remand on the most inconsequential and technical errors. *Cf. Kotteakos v. U.S.,* 328 U.S. 750, 759-60 (1946) (noting that in the criminal context the harmless error standard was implemented to allow for a process of review that does not give appellants, "fairly convicted[,] the multiplicity of loopholes which any highly rigid and minutely detailed scheme of errors, especially in relation to procedure, will engender and reflect in a printed record"). In some cases, the harm of an error may be apparent on the face of the record thereby alleviating a plaintiff from the requirement to state more. *Shinseki,* 556 U.S. at 410. However, in situations where the harm is not obvious and/or the Commissioner points to overwhelming evidence that supports the ALJ's conclusions despite the error, the court will require the plaintiff to establish prejudice. *Id.* ("[I]t normally makes sense to ask the party seeking reversal to provide an explanation[.]"). Indeed, other

courts have followed this principle.  *See, for example, Lawrence v. Astrue,* 2008 WL 5378235 (D.S.C. Dec. 19, 2009) (finding harmless error for plaintiff's step three objection where plaintiff did not demonstrate that the combination of her impairments were equal to a listing); *Williams v. Astrue,* 2012 WL 694038, at *6 (D.S.C. Mar. 5, 2012) (finding harmless error where "[p]laintiff does not point to any medical evidence which could demonstrate that the ALJ's [step three] analysis was not supported by substantial evidence").

After a thorough review of the record and facts of the instant case, the court finds that any harm resulting from the ALJ's alleged step three error is not apparent.  Moreover, Plaintiff has not met his burden to show prejudice.  In his initial pleading Plaintiff simply stated, "it is clear that the missing analysis may have had a material impact on Mr. Johnson's case...the likelihood is so great, that this Court may safely conclude that the Commissioner's decision…does not rest on substantial evidence."  [Dkt. No. 14 at 12].  Additionally, in his objection to the Report, Plaintiff references listings that are related to the severe impairments found by the ALJ.  [Dkt. No. 20 at 3].  Nonetheless, Plaintiff's statements, without more, are insufficient to constitute the requisite showing of harm.

**Step Four Credibility Determination**

Plaintiff argues that the ALJ failed to properly make a credibility determination concerning Plaintiff's subjective complaints of pain.  [Dkt. No. 20 at 4-5].  Plaintiff contends that his main issues were:  shortness of breath, pain and stiffness in the neck, difficulty gripping, chest pain, and numbness and pain in his feet.  *Id.* at 5.

In evaluating the pain alleged by a claimant, the ALJ should consider whether there is objective evidence of an impairment that could have reasonably caused the pain alleged.  20 C.F.R. § 404.1529(c)(2).  The ALJ must also consider other, non-objective, evidence regarding

the severity of the pain including the plaintiff's own statements.  20 C.F.R. § 404.1529(c)(3).

Here, the ALJ found that the objective evidence in Plaintiff's case demonstrated that his

impairments could be expected to cause his symptoms.  (Tr. 14).  However, the ALJ found that

Plaintiff's account of the intensity of his symptoms were "not credible to the extent that they are

inconsistent with the above residual functional capacity assessment."  *Id.*

Plaintiff contends that "the ALJ simply did not *document* substantial evidence

discrediting the allegations Mr. Johnson actually made."  [Dkt. No. 20 at 5] (emphasis added).

Yet, the court finds substantial documentation both in the ALJ's opinion and the record for the

conclusion that Plaintiff's pain would not prevent him from performing light work subject to the

specified limitations.   The ALJ found that Plaintiff's described daily activities did not indicate a

total limitation on his ability to work.  (Tr. 16).  This finding was supported by Plaintiff's

testimony that he performs light household chores, that he is not a "vegetable", and that he wants

to "do something" as long as it's not too physical.  (Tr. 44).

The ALJ discussed Plaintiff's shortness of breath and chest pain several times throughout

her opinion, (Tr. 14, 15, 16), and found that these symptoms do not totally restrict Plaintiff's

ability to work (Tr. 16).  This was supported by Plaintiff's testimony that he mostly experiences

these symptoms when he is doing something active.  (Tr. 33, 40-41).  Accordingly, the ALJ

limited Plaintiff's RFC to "indoor work in a temperature controlled environment", "no climbing

of ladders, ropes or scaffolds", "no kneeling or crawling", "occasional climbing of ramps or

stairs", and "occasional stooping or crouching."  (Tr. 13).

The ALJ also detailed Plaintiff's neck pain, difficulty gripping, and numbness in his feet

in her opinion, (Tr. 14, 15, 16), and concluded Plaintiff was still able to perform light work.  The

ALJ cited Dr. Ryan's finding that Plaintiff had good grip strength.  (Tr. 15-16).  The ALJ also

noted that Plaintiff's gout caused the numbness in his feet and that Plaintiff was on medication for gout. (Tr. 14). Lastly, the ALJ made the general finding that the treatment Plaintiff has received has "shown to improve the claimant's symptoms as long as he is compliant with treatment." (Tr. 16).

Thus, substantial evidence supports the ALJ's credibility determination that Plaintiff's pain is not so severe to prevent him from performing light work.

**Opinion of Examining Physician**

Plaintiff objects that the ALJ failed to adequately consider the opinion of her examining physician Dr. Ryan who evaluated Plaintiff at the request of the state agency. [Dkt. No. 20 at 5]. Dr. Ryan found that Plaintiff's biggest problem was shortness of breath and that a pulmonary function test and chest x-ray would be helpful to a disability determination. (Tr. 240). In her opinion, the ALJ cited both Dr. Ryan's conclusions and a subsequent pulmonary function study that demonstrated Plaintiff had small airway disease and a diffusing capacity mildly reduced to 79 percent. (Tr. 15). The ALJ's opinion did not directly address her reasons for finding Plaintiff's breathing difficulties insufficient to require a finding of disability. However, it can be inferred from the ALJ's reference in her opinion that she considered the results of the pulmonary function study as directed by Dr. Ryan. It would have been prudent for the ALJ to offer a discussion of the weight given to Dr. Ryan's opinion. Nonetheless, the opinion is not apparently contrary to the RFC determination as it only instructed the ALJ to consider Plaintiff's pulmonary functioning due to his shortness of breath. Given that the ALJ followed the physician's recommendation and in light of the other evidence in the above section regarding the ALJ's broader discussion of Plaintiff's breathing issue, the court finds that the ALJ's decision was supported by substantial evidence.

**Notes from Treating Clinic**

Plaintiff contends that the ALJ failed to indicate the weight given to Plaintiff's treatment notes from the Helping Hands Clinic. [Dkt. No. 20 at 5-6]; [Dkt. No. 14 at 15]. This is the same argument from Plaintiff's initial brief. *Id.* Plaintiff repeats his argument noting that the Magistrate Judge failed to meaningfully address it. [Dkt. No. 20 at 5]. The Magistrate Judge found that the ALJ considered the notes from the Helping Hands Clinic (Tr. 14-15) and that without Plaintiff's stating what records "were ignored or what effect on the case they might have", the Magistrate Judge could not further address the objection. [Dkt. No. 18 at 11]. Because the court finds the Magistrate Judge adequately and correctly responded to Plaintiff's argument, the court accepts the recommendation of the Report. The court also incorporates the harmless error analysis from the step three discussion above.

**Step Five Analysis**

Plaintiff argued in his initial brief that the ALJ's step five determination of the jobs available to him was flawed. [Dkt. No. 14 at 15-17]. Plaintiff contended that the recommended positions were incompatible with the ALJ's RFC determination because they "appear to be performed in a production-paced environment", "require a significant level of manual dexterity", "involve more than occasional stooping or bending", and necessitate exertion that would cause Plaintiff to become short of breath. *Id.* at 16-17. The Magistrate Judge addressed Plaintiff's arguments regarding the issues of fingering and the pace of the work environment in the Report. [Dkt. No. 18 at 13]. In his objection to this finding of the Report, Plaintiff states that his argument was instead that the recommended employment was inconsistent with "simple unskilled work" and incompatible with the ALJ's finding that he "suffered from moderate difficulties with persistence, pace, and concentration." [Dkt. No. 20 at 6]. To the extent that

Plaintiff initially stated an argument regarding an inconsistency between the recommended employment and simple unskilled work, the court is at a loss with how the recommended employment fails to meet this criteria and Plaintiff has failed to provide an explanation. [*See* Dkt. No. 14 at 16-17]. Moreover, Plaintiff states, for the first time, his contention regarding the persistence, pace, and concentration of the recommended employment. *See Id.* at 15-17; [Dkt. No. 16 at 4]; [Dkt. No. 20 at 6]. In so doing, Plaintiff does not indicate how the recommended employment conflicts with his difficulties with persistence, pace, and concentration. Because both of Plaintiff's contentions are too general and unsupported, the court declines review. *See Smith v. Barnhart,* 338 F. Supp. 2d, 762 n.1 (S.D. Tex. 2004) ("Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court.") (quoting *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by, Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996)).

## CONCLUSION

For the foregoing reasons, the court **ACCEPTS** the Magistrate Judge's Report, and **AFFIRMS** the Acting Commissioner's final decision.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

September 11, 2013
Greenville, South Carolina